# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Probation

Name of Offender: Raymond A. Ward                    Case Number: A04-111CR (JWS)

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:       March 23, 2005

Original Offense:                Providing False Information Concerning Explosives on Board an Aircraft

Original Sentence:               Three years probation, $100 special assessment

Date Supervision Commenced:      March 23, 2005

Asst. U.S. Attorney: Joseph Bottini            Defense Attorney: Michael Dieni

---

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on September 19, 2005, the defendant committed the crime of Violating a Domestic Violence Protective Order. The defendant was later charged with violating his release conditions, as he again had contact with the alleged victim. The defendant plead guilty to violating the release conditions on January 19, 2006. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer" in that as of April 24, 2005, the defendant failed to pay his special assessment as instructed. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender       :   Raymond A. Ward*
*Case Number            :   A04-111CR (JWS)*

U.S. Probation Officer Recommendation:

    The term of probation should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of probation should be modified as follows:

                                            Respectfully submitted,

                                            Travis Lyons
                                            U.S. Probation Officer
                                            Date: January 25, 2006

Approved by:

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ]    The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[X]    The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[ ]    Other:

2-5-06

**REDACTED SIGNATURE**

                                            John W. Sedwick
                                            Chief U.S. District Court Judge

*Petition for Warrant or Summons*
*Name of Offender      :     Raymond A. Ward*
*Case Number           :     A04-111CR (JWS)*

---

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case Number: A04-0111 CR (JWS) |
| vs. | DECLARATION IN SUPPORT OF PETITION |
| Raymond A. Ward | |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of for, and in that capacity declare as follows:

On March 23, 2005, the defendant was convicted of Providing False Information Concerning Explosives on Board an Aircraft. The defendant was sentenced to three years probation and a $100 special assessment. On March 23, 2005, the probation officer reviewed all conditions with the defendant and instructed him pay his special assessment in full within 30 days. To date, the defendant has made only one $50 payment (April 25, 2005).

On September 20, 2005, the probation office received a telephone call from Dan Shorey, an attorney for the State of Alaska, who indicated that the offender had been arrested for Violating a Domestic Violence Protective Order (a Class A misdemeanor), case 3AN-S05-8760 CR, and was being arraigned today. Shorey stated that the subject was accused of sending a letter to Chang Musser, indicating that she should, "Enjoy your boyfriend, you will get it, you will die you bitch and go to hell" or words to that effect. Musser had previously obtained a Domestic Violence Protective Order against the defendant.

In addition, the defendant violated his release conditions by having further contact with Chang Musser and, consequently, was charged with violating his conditions of release. On January 19, 2006, the defendant plead guilty to violating his release conditions (the initial charge of violating a restraining order was dismissed) and was sentenced to 90 days jail with 45 days jail suspended. According to the defendant, since he had been released on Electronic Monitoring awaiting trial, that he will not have to do any additional time in jail.

It should be noted that the defendant was released on Electronic Monitoring (EM) for his state case and paid $28 a day for those EM services.

Executed this, 25th of January at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

*Travis Lyons*
Travis Lyons
U.S. Probation Officer
District of Alaska